UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SALVADOR JLUCAS-JUAREZ,

               Petitioner,

     v.

MARKWAYNE MULLIN, et al.,

               Respondents.

Case No. 5:26-cv-03511-SSC

MEMORANDUM AND ORDER

On June 25, 2026, Salvador JLucas-Juarez filed a petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] currently detained by Immigration and Customs Enforcement in Adelanto, California.  (*Id.* at 7–8, 12–13.)

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

The petition alleges the following facts.  Petitioner has resided continuously in the United States since approximately December 2004.  (ECF 1 at 2.)  Petitioner claims he has no criminal convictions.  (*Id.*)  Petitioner was apprehended by immigration authorities and detained on January 16, 2026.  (*Id.* at 9.)  Following his apprehension, Respondents placed Petitioner in removal proceedings.  (*Id.* at 17.)  Petitioner pursued relief from removal through applications presented to the immigration court.  (*Id.*)  On June 25, 2026, an Immigration Judge (IJ) denied Petitioner's applications for relief and ordered him removed to Mexico.[2]  (*Id.* at 18.)  Petitioner intends to file a timely appeal to the Board of Immigration Appeals.  (*Id.*)  Petitioner claims that his continued detention violates due process and seeks immediate release or, in the alternative, "a constitutionally compliant custody hearing before a neutral adjudicator within a period specified by the Court[.]"  (*Id.* at 30, 51–52.)  Petitioner also asks the court to: "[r]equire that any such custody hearing provide meaningful procedural protections, including: a. a genuinely individualized determination; b. meaningful consideration of all favorable evidence; c. meaningful consideration of available alternatives to detention; d. a reasoned written or oral explanation of any continued detention determination; e. consideration of Petitioner's family ties, community ties, employment history, lack of criminal record, history of compliance with legal proceedings, and the significant needs of his United States citizen

---

[2] Respondents' answer provides that Petitioner was ordered removed to Mexico by an IJ on June 24, 2026.  (ECF 8 at 2.) Respondents attach the IJ's order as an exhibit.  (ECF 8-2.)

daughter with Down syndrome." (*Id.* at 52.)  Petitioner also seeks attorney's fees and costs.[3]  (*Id.* at 53.)

In their one-page answer, Respondents oppose release but "do not oppose the entry of an order requiring that Petitioner be given a bond hearing before an immigration judge under 8 U.S.C. § 1226(a)."[4]  (ECF 8 at 2.)  Respondents provide that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM (*Bautista*)."  (*Id.*)  Respondents provide that "[i]f a bond hearing is ordered, consistent with what Courts in this District have generally ordered in similar cases, the order should require a § 1226(a) bond hearing within seven days of the Court's order."  (*Id.*)

Because Petitioner has been identified as a *Maldonado Baustista* class member and the parties apparently agree that Petitioner is

---

[3] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention.  *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

[4] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief."  *Id.* at 375–76 (citation modified).

entitled to a bond hearing, the Court grants the petition as to that relief.  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See, e.g., Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026).

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that have similarly been found to be subject to the *Maldonado Bautista* judgment.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **July 13, 2026**, he is provided with an individualized bond hearing at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.  At such hearing, the

immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, and compliance with prior orders. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

DATED: July 6, 2026

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE